DORSEY & WHITNEY LLP
Gary Abelev (GA 7934 )
Robert M. Wasnofski, Jr. (RW 6856)
Gianfranco G. Mitrione (GM 8618)
250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
VERRAGIO LTD.,

                Plaintiff,

                v.

VERRAGO & FELAIS, INC. and
VERRAGO,

                Defendant.
------------------------------------x

07 CV 3321

Civil Action No.

**DEMAND FOR JURY TRIAL**

## ORIGINAL COMPLAINT

Plaintiff, Verragio Ltd. ("Verragio" or "Plaintiff"), by its attorneys, Dorsey & Whitney LLP, for its complaint against Defendants, Verrago & Felais, Inc. and Verrago, ("Verrago" or "Defendants"), avers as follows:

### SUMMARY OF THE COMPLAINT

1.     This is an action for trademark infringement, passing off, false designation of origin, false or misleading representation of fact, cybersquatting, and related claims under federal and state laws resulting from Verrago's use of the V VERRAGO and VERRAGO

trademarks in connection with the marketing, distribution and sale of jewelry products in a manner likely to cause confusion as to source or sponsorship.

2. Verragio has never authorized Verrago to engage in any of the acts complained of herein. Verragio's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. §§ 1051 et seq., and New York state statutory and common law. As a result of Defendants' conduct, Verragio seeks injunctive relief and the recovery of actual damages, treble damages, Defendants' profits, statutory damages, costs, attorneys' fees and other relief as more fully set forth herein.

## THE PARTIES

3. Plaintiff, Verragio Ltd., is a corporation duly organized and existing under the laws of New York having its principal place of business at 132 West 36th Street, 8th Floor, New York, NY 10018.

4. Upon information and belief, Defendants, Verrago & Felais, Inc. and Verrago are corporations duly organized and existing under the laws of California both having their principal places of business at 9436 Gregory Way, Beverly Hills, CA 90212.

## SUBJECT MATTER JURISDICTION

5. The First, Second and Third Causes of Action arise under the United States Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §§ 1051-1127. Jurisdiction in this Court over these causes of action is proper pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. The Fourth through Sixth Causes of Action arise under New York statutory and common law and are substantially based upon the same operative facts as the First, Second and Third Causes of Action. Jurisdiction in this Court over these causes of action is

proper pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) and the principals of supplemental jurisdiction.

## PERSONAL JURISDICTION

7. Personal jurisdiction over the Defendants is proper under the laws of the State of New York and under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution. Upon information and belief, in connection with the wrongful acts complained of herein, Defendants, in person or through an agent, are: (a) transacting business within New York, (b) contracting to supply goods or services within New York, (c) committing tortious acts within New York, and/or (d) committing tortious acts without New York causing injury to persons and property within New York, and (i) regularly do or solicit business, or derive substantial revenue from goods used or consumed or services rendered, in New York, or (ii) expect or should reasonably expect their tortious acts to have consequences in New York and derive substantial revenue from interstate or international commerce.

## VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that, upon information and belief, a substantial part of the events giving rise to the claims arose in this District.

## VERRAGIO'S BUSINESS

9. Verragio specializes in the design and creation of fine jewelry products, including engagement rings and wedding bands made of the finest quality diamonds and precious metals.

10. Verragio created, adopted and commenced use of the name and trademark VERRAGIO in or about 1994 and, at about the same time, adopted and commenced use of a

variant thereof, namely, the V VERRAGIO and Design trademark (collectively referred to herein as "VERRAGIO Marks"), to identify and distinguish its innovative jewelry products. Plaintiff continues to use the marks VERRAGIO and V VERRAGIO and Design ("V VERRAGIO"). No entities other than Verragio are authorized to design, manufacture and/or sell jewelry products and other goods in the United States under the aforementioned trademarks.

11.   In addition to its common law trademark rights in the VERRAGIO Marks, Verragio is the owner of the following federal trademark registrations, which have been registered in the United States Patent and Trademark Office ("U.S.P.T.O"):

| Mark | Registration No. | Issue Date |
| --- | --- | --- |
| V VERRAGIO and Design | 2,063,519 | May 20, 1997 |
| V VERRAGIO and Design | 2,684,126 | February 4, 2003 |

12.   Both of the above-referenced registrations are currently valid, subsisting and in full force and effect, and registered on the Principal Trademark Register. Copies of these Certificates of Registration are attached hereto as Exhibit A.

13.   In addition to its federal registrations for the V VERRAGIO mark, Plaintiff has filed a use-based application with the U.S.P.T.O. for its trademark VERRAGIO, alleging a date of first use in United States commerce of August 1, 1994. Verragio's trademark application, which was assigned Serial No. 77/092,453, covers jewelry and is currently pending.

14.   The VERRAGIO Marks have been extensively and continually advertised and promoted by Verragio throughout the United States for over 10 years. Such marks have been prominently presented on Verragio's products, advertisements, packaging and other promotional materials. Verragio has extensively advertised and promoted the VERRAGIO Marks in a wide variety of media, including nationally circulated magazines such as *InStyle*,

*Marie Claire, Cosmopolitan, Elle, Shape, InStyle Weddings, Modern Bride and Bridal Guide.* Substantial amounts of time, effort, and money have been expended over the years in ensuring that the relevant public associates the VERRAGIO Marks exclusively with Verragio. Moreover, Verragio operates a website on the Internet located at www.verragio.com, which it uses to advertise and promote its VERRAGIO brand products and provide product information.

15. As a result of the time, effort and money invested in its business, Verragio has achieved a reputation for excellence in the manufacture and sale of jewelry products. Verragio enjoys a substantial demand for its products and a tremendous goodwill in its trademarks.

16. The VERRAGIO Marks are arbitrary, fanciful and highly distinctive. Moreover, said marks have acquired a strong secondary meaning in the minds of the purchasing public and the business community, and are now famous and serve uniquely to identify Verragio's products. Through widespread and favorable public acceptance and recognition, these marks have become assets of incalculable value to Verragio.

## VERRAGO'S WRONGFUL ACTIONS

17. On information and belief, Defendants manufacture and distribute a wide range of jewelry products, including, rings, necklaces, bracelets and earrings, under the infringing names and marks V VERRAGO and Design ("V VERRAGO") and VERRAGO (collectively referred to herein as "VERRAGO Marks").

18. On information and belief, Verrago operates a retail jewelry store in Beverly Hills, CA under the name and mark VERRAGO. The storefront prominently displays the name and mark VERRAGO. Attached as Exhibit B is an excerpt from Verrago's website showing use of both the V VERRAGO and VERRAGO marks.

19. On information and belief, Verrago registered the domain name "verrago.com" on April 11, 2005, and operates a web site at that address, which it uses to advertise and promote its jewelry products. Verrago did not seek the permission of Verragio before registering the domain name. According to Defendants' website, Verrago creates "high-end jewelry....for today's woman and man" using "the finest diamonds and rare one of a kind gemstones." Verrago's jewelry products are not manufactured, sold or authorized by Verragio.

20. On information and belief, through a consignment agent acting on behalf of Verrago, Verrago causes its jewelry products to be sold on the Internet via the eBay auction site under the infringing name and mark VERRAGO.

21. Without Verragio's permission or knowledge, on December 12, 2006, Verrago filed an application with the U.S.P.T.O. to register the mark VERRAGO, alleging a date of first use in United States commerce of January 15, 2002. Verrago's trademark application was assigned Serial No. 77/070,196 and covers "sales and services in the field of diamonds, jewelry and watches."

22. Verrago's use of V VERRAGO and VERRAGO, as well as its filing of the federal trademark application to register VERRAGO in the United States, occurred long after Verragio began using the V VERRAGIO and VERRAGIO marks, Verragio obtained federal registrations for the V VERRAGIO mark, and Verragio's marks had acquired enormous good will and fame.

23. Upon learning of Defendants' use of the marks V VERRAGO and VERRAGO, on January 30, 2007, Plaintiff's counsel sent a letter to Verrago advising them of Plaintiff's rights in the VERRAGIO Marks and expressing a concern over use of the VERRAGO mark and domain name "verrago.com."

24. Thereafter, Defendants' counsel indicated by e-mail dated April 23, 2007, that his clients were willing to sell the disputed domain name to Verragio for $40,000.

25. Despite being put on notice of Plaintiff's rights and good will in their VERRAGIO Marks, on information and belief, Defendants continue to advertise, promote and sell jewelry products under the marks V VERRAGO and VERRAGO in the United States.

26. The V VERRAGO and VERRAGO marks are highly similar in appearance and sound to the Plaintiff's V VERRAGIO and VERRAGIO marks.

27. Verrago prominently and repeatedly uses the names and trademarks V VERRAGO and VERRAGO on its website to identify its jewelry products, which are not manufactured, sold or authorized by Verragio. Verrago's use of the infringing names and marks V VERRAGO and VERRAGO in the above-described manner falsely suggests that Verrago's jewelry products are created and sold by Verragio and/or that Verrago is otherwise affiliated or associated with Verragio in some manner.

## DEFENDANTS' WILLFULNESS

28. Upon information and belief, Verrago, with full knowledge of Verragio's rights in and to the VERRAGIO Marks and without the consent of Verragio, adopted and caused to be used in interstate commerce the infringing names and marks V VERRAGO and VERRAGO in connection with the advertising and sale of jewelry products.

29. Upon information and belief, Verrago committed the aforementioned unlawful acts blatantly, intentionally and in bad faith, with the intent of trading off the reputation of Verragio and its products.

## FIRST CAUSE OF ACTION
(Federal Trademark Infringement)

30. Verragio realleges and incorporates herein by reference the allegations of paragraphs 1 to 29 of the Complaint as set forth above.

31. Verrago's advertising and sale of jewelry products, which are not manufactured or authorized by Verragio, under or in connection with the names and marks V VERRAGO and VERRAGO, as alleged herein, is calculated to and is likely to deceive, mislead and confuse the relevant public as to the source of sponsorship of Verrago's products. Such use constitutes trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

32. As a proximate result of the acts of Verrago, as alleged herein, Verragio has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Verrago is profiting at Verragio's expense.

33. Verragio has no adequate remedy at law for the infringement of its trademarks as alleged herein. Unless Verrago is temporarily, preliminarily and permanently enjoined by the Court, Verragio will continue to suffer irreparable harm.

## SECOND CAUSE OF ACTION
(Federal Unfair Competition, False Designation of Origin and Passing Off)

34. Verragio realleges and incorporates herein by reference the allegations of paragraphs 1 to 33 of the Complaint as set forth above.

35. The names and marks V VERRAGIO and VERRAGIO have long been exclusively associated with Plaintiff. Verrago's wrongful adoption and use of the names and marks V VERRAGO and VERRAGO constitutes use of copies or color imitations of Plaintiff's names and marks V VERRAGIO and VERRAGIO.

36. Upon information and belief, Verrago has knowingly adopted and used the VERRAGO Marks with full knowledge of the long and extensive prior use of the VERRAGIO Marks by Plaintiff.

37. Verrago's wrongful adoption and use of the names and marks V VERRAGO and VERRAGO in connection with its above-described business is likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection or association of Verrago with Verragio.

38. Verrago's aforementioned acts constitute false advertising, false designation of origin, false representation and unfair competition in and affecting interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. As a proximate result of the acts of Verrago, as alleged herein, Verragio has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Verrago is profiting at Verragio's expense.

40. Verragio has no adequate remedy at law for the acts complained of herein. Unless Verrago is temporarily, preliminarily and permanently enjoined by the Court, Verragio will continue to suffer irreparable harm.

## THIRD CAUSE OF ACTION
(Anti-Cybersquatting Consumer Protection Act)

41. Verragio realleges and incorporates herein by reference the allegations of paragraphs 1 to 40 of the Complaint as set forth above.

42. The VERRAGIO Marks were distinctive as of, and long prior to, April 11, 2005, the date on which Verrago registered the domain name "verrago.com."

43. On information and belief, Verrago had a bad faith intent to profit from its unauthorized use and registration of the domain name "verrago.com."

44. Verrago's aforementioned acts constitute a violation of § 43(d)(1) of the Trademark Act, 15 U.S.C. § 1125(d)(1).

45. As a proximate result of the acts of Verrago, as alleged herein, Verragio has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Verrago is profiting at Verragio's expense.

46. Verragio has no adequate remedy at law for the acts complained of herein. Unless Verrago is temporarily, preliminarily and permanently enjoined by the Court, Verragio will continue to suffer irreparable harm.

FOURTH CAUSE OF ACTION
(Trademark Infringement — New York Common Law)

47. Verragio realleges and incorporates herein by reference the allegations of paragraphs 1 through 46 of the Complaint as set forth above.

48. Verragio's names and marks, V VERRAGIO and VERRAGIO, are each inherently distinctive and have acquired a strong secondary meaning.

49. Verrago has deliberately and willfully used in commerce the names and marks V VERRAGO and VERRAGO, as alleged herein, with intentional disregard of Verragio's trademark rights.

50. Verrago's wrongful adoption and use of the names and marks V VERRAGO and VERRAGO in connection with Defendants' above-described business is likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection, or association of Verrago with Verragio, in violation of New York common law prohibiting acts of trademark infringement.

51. As a proximate result of the acts of Verrago, as alleged herein, Verragio has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Verrago is profiting at Verragio's expense.

52. Verragio has no adequate remedy at law for Verrago's infringement of its marks. Unless Verrago is temporarily, preliminarily and permanently enjoined by the Court, Verragio will continue to suffer irreparable harm.

FIFTH CAUSE OF ACTION
(Deceptive Acts And Practices And False
Advertising — New York Statutory Law)

53. Verragio realleges and incorporates herein by reference the allegations of paragraphs 1 through 52 of the Complaint as set forth above.

54. Verrago's use of the names and marks V VERRAGO and VERRAGO, as alleged herein, falsely and deceptively represents that its products originate from or are connected with Verragio. Such use constitutes misleading and deceptive acts and practices in violation of the New York General Business Law § 349.

55. Verrago's use of the names and marks V VERRAGO and VERRAGO, as alleged herein, constitutes false and misleading advertising in violation of the New York General Business Law § 350.

56. As a proximate result of the acts of Verrago, as alleged herein, Verragio has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Verrago is profiting at Verragio's expense.

57. Verragio has no adequate remedy at law against the acts complained of herein. Unless Verrago is temporarily, preliminarily and permanently enjoined by the Court, Verragio will continue to suffer irreparable harm.

SIXTH CAUSE OF ACTION
(Injury To Business Reputation And Dilution
Of Trademark — New York Statutory Law)

58. Verragio realleges and incorporates herein by reference the allegations of paragraphs 1 through 57 of the Complaint as set forth above.

59. Plaintiff's VERRAGIO Marks are arbitrary, fanciful and highly distinctive. Such marks are strong and, indeed, famous, as a result of Verragio's extensive advertising, promotion and sale of jewelry products under such marks.

60. Verrago's wrongful adoption and use of the names and marks V VERRAGO and VERRAGO commenced long after Plaintiff's VERRAGIO Marks became distinctive and famous.

61. Verrago, by using Verragio's aforementioned famous marks in connection with its jewelry products, as alleged herein, is misleading the public into believing that its products are connected with Verragio.

62. Verrago's aforementioned acts have lessened the capacity of Verragio's famous and distinctive VERRAGIO Marks to distinguish and identify Plaintiff's products from those of others, thereby diluting the distinctive quality thereof and diminishing the marks' advertising value and selling power, and the identity and reputation the VERRAGIO Marks otherwise convey.

63. Such acts by Verrago are likely to deprive Verragio of the benefit of the goodwill attached to the VERRAGIO Marks, injure Verragio's business reputation, and dilute the distinctive quality of its marks in violation of New York General Business Law § 360-l.

64. As a proximate result of the acts of Verrago, as alleged herein, Verragio has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Verrago is profiting at Verragio's expense.

65. Verragio has no adequate remedy at law against this dilution of and injury to its marks and business reputation. Unless Verrago is temporarily, preliminarily and permanently enjoined by the Court, Verragio will continue to suffer irreparable harm.

PRAYER FOR RELIEF

WHEREFORE, Verragio prays for entry of judgment and for relief against the Defendants as follows:

1. That Defendants and their officers, agents, servants, subsidiaries, affiliates, employees and representatives thereof, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from using or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name or symbol or origin the names and marks V VERRAGO, VERRAGO and/or any other name or mark confusingly similar to or dilutive of the VERRAGIO Marks;

2. That Defendants be ordered to take down their website at www.verrago.com and discontinue all acts which constitute unfair competition, passing off, use of false designations of origin, false or misleading representations of fact and/or dilution;

3. That Defendants, pursuant to 15 U.S.C. § 1118, be ordered to deliver up for destruction all printed materials including, but not limited to, signage, web site printouts, advertisements, letterhead, signs, prints, labels, bill heads, packages, catalogs, stationary and other materials of whatever kind and nature which use in any form the names and marks V VERRAGO, VERRAGO and/or any other name or mark confusingly similar to or dilutive of the VERRAGIO Marks;

4. That Defendants be ordered to transfer to Verragio the domain name registration for "verrago.com" and any other domain name which they own containing VERRAGO or any designation confusingly similar to or dilutive of the VERRAGIO Marks;

-13-

5. That Defendants be ordered to expressly abandon with prejudice any and all applications to register any trademark or service mark consisting of, or containing, the mark VERRAGO either alone or in combination with other words and/or designs, including Serial No. 77/070,196;

6. That Defendants, pursuant to 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Verragio within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which they have complied with the foregoing injunction;

7. That Verragio be awarded statutory damages in the amount of $100,000 pursuant to 15 U.S.C. § 1125(d);

8. That Verragio recover its damages sustained as a result of Defendants' wrongful acts complained of herein;

9. That Verragio recover Defendants' profits sustained as a result of Defendants' wrongful acts complained of herein;

10. That Verragio be awarded three times Defendants' profits made as a result of the wrongful acts complained of herein, or three times Verragio's damages, whichever is greater;

11. That Verragio be awarded punitive damages for the sake of example and punishing Verrago for the wrongful acts complained of herein;

12. That this case be deemed an exceptional case pursuant to 15 U.S.C. §§ 1117(a) and (b) and that Defendants be deemed liable and be ordered to reimburse Verragio for its reasonable attorneys' fees;

13. That Verragio be awarded the costs of this action;

-15-

14. That Verragio be granted such other and further relief as the Court deems just and equitable.

JURY TRIAL DEMAND

Verragio hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

DORSEY & WHITNEY LLP

Dated: April 25, 2007    By: *[signature]*
Gary Abelev (GA 7934)
Robert M. Wasnofski, Jr. (RW 6856)
Gianfranco G. Mitrione (GM 8618)
250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Plaintiff,
VERRAGIO LTD.